1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALONZO RAYSHAWN PERKINS,              No.  2:22-cv-0539 AC P

12            Plaintiff,

13      v.                                 ORDER

14   C. KENNEDY, et al.,

15            Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF Nos. 2, 4.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      II.      Statutory Screening of Prisoner Complaints

4          The court is required to screen complaints brought by prisoners seeking relief against "a

5  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  ////

2

1  cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

3       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

5  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

8  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

9  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

10  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

11  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

12       III.    Complaint

13       The complaint alleges that defendants Kennedy, Delucchi, Fleshman, and Cueva violated

14  plaintiff's rights by subjecting him to excessive force. ECF No. 1. Specifically, plaintiff alleges

15  that on March 1, 2021, he was suffering from depression and made multiple requests to Kennedy

16  to speak with a clinician. Id. at 3. Upon making his fourth request to see a clinician, plaintiff told

17  Kennedy that he was "not trying to cut on myself before I get help." Id. Kennedy then replied

18  "Oh you're cutting on yourself" before leaving and returning with Delucci and Fleshman. Id.

19  Fleshman and Kennedy then released a whole can of pepper spray into plaintiff's cell. Id. When

20  the door was opened, plaintiff—who was restrained—ran out of his cell and curled up on the

21  floor, at which time Kennedy, Delucchi, and Fleshman began beating him and telling him to think

22  twice before filing complaints against the warden. Id.

23       IV.    Claims for Which a Response Will Be Required

24       Plaintiff has sufficiently alleged claims for excessive force and retaliation against

25  Kennedy, Delucchi, and Fleshman. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (force is

26  excessive if used "maliciously and sadistically to cause harm" (citation omitted)); Rhodes v.

27  Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that

28  defendant took adverse action against plaintiff because of his protected conduct and that the

1     action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional

2     goal).  These defendants will be required to respond to the complaint if plaintiff chooses to

3     proceed on the complaint without amendment.

4         V.       Failure to State a Claim

5         "Liability under § 1983 must be based on the personal involvement of the defendant,"

6     Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

7     164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

8     rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

9     (citations omitted).  Furthermore, "[t]here is no respondeat superior liability under section 1983,"

10     Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not

11     alleged facts showing either Cueva's personal involvement in the violation or a causal connection

12     between Cueva's conduct and the violation, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

13     2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  It appears that Cueva has

14     been named as a defendant based solely on his position as warden and because the other

15     defendants retaliated against plaintiff for filing a complaint against Cueva.  Neither of these is

16     sufficient to state a claim for relief against Cueva.

17         VI.      Leave to Amend

18         For the reasons set forth above, the court finds that the complaint does not state

19     cognizable claims against defendant Cueva.  However, it appears that plaintiff may be able to

20     allege facts to remedy this and he will be given the opportunity to amend the complaint if he

21     desires.

22         Plaintiff may either (1) proceed forthwith to serve defendants Kennedy, Delucchi, and

23     Fleshman on his claims that they assaulted him in retaliation for filing a complaint against the

24     warden, and dismiss his claims against defendant Cueva, or (2) plaintiff may delay serving any

25     defendant and amend the complaint.

26         Plaintiff will be required to complete and return the attached notice advising the court how

27     he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

28     file an amended complaint.  If plaintiff elects to proceed on his claims against defendants

Kennedy, Delucchi, and Fleshman without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendant Cueva.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have sufficiently alleged claims for excessive force and retaliation against defendants Kennedy, Delucchi, and Fleshman.  You have not stated any claim for relief against Cueva

1  because you have not alleged any facts regarding what Cueva did or did not do that you believe

2  violated your rights.

3  You have a choice to make.  You may either (1) proceed immediately on your claims

4  against Kennedy, Delucchi, and Fleshman and voluntarily dismiss the other claims, or (2) try to

5  amend the complaint.  If you want to go forward without amending the complaint, you will be

6  voluntarily dismissing without prejudice all claims against Cueva.  If you choose to file a first

7  amended complaint, it must include all claims you want to bring.  Once an amended complaint is

8  filed, the court will not look at any information in the original complaint.  **Any claims and**

9  **information not in the first amended complaint will not be considered.**  You must complete

10  the attached notification showing what you want to do and return it to the court.  Once the court

11  receives the notice, it will issue an order telling you what you need to do next (i.e. file an

12  amended complaint or wait for defendants to be served).

13  In accordance with the above, IT IS HEREBY ORDERED that:

14  1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

15  2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

16  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

17  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

18  appropriate agency filed concurrently herewith.

19  3.  Plaintiff's allegations against defendant Cueva do not state claims for which relief can

20  be granted.

21  4.  Plaintiff has the option to proceed immediately on his claims against defendants

22  Kennedy, Delucchi, and Fleshman as set forth in Section IV above, or to amend the complaint.

23  5.  Within fourteen days of service of this order, plaintiff shall complete and return the

24  attached form notifying the court whether he wants to proceed on the screened complaint or

25  whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court

26  ////

27  ////

28  ////

will assume that he is choosing to proceed on the complaint as screened and will recommend

dismissal without prejudice of the claims against defendant Cueva.

DATED: November 23, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ALONZO RAYSHAWN PERKINS,              No.  2:22-cv-0539 AC P

12              Plaintiff,

13         v.                              PLAINTIFF'S NOTICE ON HOW TO
                                           PROCEED
14    C. KENNEDY, et al.,

15              Defendants.

16

17         Check one:

18    _____  Plaintiff wants to proceed immediately on his claims against defendants Kennedy,

19         Delucchi, and Fleshman without amending the complaint.  Plaintiff understands that by

20         going forward without amending the complaint he is voluntarily dismissing without

21         prejudice all of his claims against defendant Cueva pursuant to Federal Rule of Civil

22         Procedure 41(a).

23

24    _____  Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                         _____
                                           Alonzo Rayshawn Perkins
28                                         Plaintiff pro se

                                           1