UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO RAYSHAWN PERKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. KENNEDY, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-0539 AC P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se. By order filed November 13, 2024, the undersigned issued a further scheduling order setting deadlines for expert discovery, pretrial statements and dates for a settlement conference and trial. ECF No. 44. On the date the settlement conference was supposed to take place, counsel for defendants notified the court that plaintiff had been transferred to the custody of the Los Angeles County Sheriff's Department, which has stated that they are unable to facilitate plaintiff's appearance at a settlement conference. ECF No. 47. The settlement conference was vacated, to be re-set at a later date. Id. The court has been advised that it may be up to three months before plaintiff is returned to the physical custody of the California Department of Corrections and Rehabilitation (CDCR).

　　　　In light of these developments, the deadlines for expert discovery and pretrial statements shall be extended and the pretrial conference shall be continued. At this time, trial will remain scheduled to begin on September 22, 2025. Plaintiff shall be required to promptly notify the

1

court upon his return to CDCR custody so that the settlement conference may be rescheduled.[1]  In the even that plaintiff is not returned to the CDCR's custody within the next three months, defendants will be required to inquire into the expected timeframe for plaintiff's return and notify the court.

Accordingly, IT IS HEREBY ORDERED that:

1.  The deadline to serve expert disclosures is extended to May 28, 2025.  The deadline for the completion of all expert discovery is thirty days thereafter.

2.  The pretrial conference scheduled for June 11, 2025, is continued to July 30, 2025, at 10:00 a.m. before Magistrate Judge Allison Claire.  The pretrial conference shall be conducted by remote means, with all parties appearing by Zoom video conference.

3.  Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of incarcerated witnesses at trial on or before July 9, 2025.  Defendants shall file their pretrial statement on or before July 23, 2025.  The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

4.  Plaintiff shall promptly notify the court upon his return to the custody of the CDCR.

5.  If plaintiff has not notified the court that he has returned to the CDCR's custody by April 21, 2025, defendants shall inquire into the expected timeframe for plaintiff's transfer and file a notice with the court regarding their findings by May 5, 2025.

6.  The Clerk of the Court shall update the docket to reflect that plaintiff's address of record is Alonzo Perkins, #6878943, Men's Central Jail, P.O. Box 86164, Los Angeles, CA 90086.

DATED: January 27, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that, despite plaintiff's transfer, he has yet to notify this court of his change of address.  The Clerk of the Court will be directed to update the docket to reflect plaintiff's current address, but plaintiff is cautioned that he is responsible for keeping the court apprised of his current housing location and failure to do so may result in a recommendation that this action be dismissed for failure to prosecute.